IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER DUPREE,

    Plaintiff,      No. CIV S-02-1435 DFL PAN P

    vs.

ERNEST ROE, et al.,     ORDER

    Defendants.     FINDINGS & RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed October 2, 2003. Therein, plaintiff claims that defendants unlawfully diverted his federal veteran disability benefits to pay state court-ordered restitution and fines and he seeks injunctive relief and punitive damages. This matter is before the court on cross-motions for summary judgment.[1]

---

[1] On July 15, 2005, plaintiff filed a request to amend his complaint to add a prayer for compensatory damages. Defendants oppose the motion to amend on the ground that plaintiff has not included a proposed third amended complaint with the motion. After review of plaintiff's request, and good cause appearing, the court construes the request as one for interest on the improperly diverted benefits. As noted above, on July 15, 2005, plaintiff filed a request for leave to amend his complaint to add a prayer for interest on the improperly diverted veterans' benefits. Plaintiff has presented no evidence that he would have earned interest on the benefits that were diverted had such benefits remained in his prison trust account nor has he presented any cognizable argument that he is otherwise entitled to interest on those benefits. Plaintiff's request will be denied.

1

STANDARDS FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).

7       In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14      In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

1    On October 9, 2003, the court advised plaintiff of the requirements for opposing a
2 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
3 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
4 Eikenberry, 849 F.2d 409 (9th Cir. 1988).

5                                    ANALYSIS
6 I.  Facts[2]
7    On June 1, 1998, plaintiff was sentenced to state prison.  (Attachment B to
8 Declaration of Judy Parker (Parker Declaration), filed July 5, 2005.)  His sentence included an
9 order to pay a $4000 restitution fine and $1375 in victim restitution.  (Id.)  The latter liability was
10 imposed jointly and severally on plaintiff and his co-defendant.  (Id.)
11    On May 30, 2000, plaintiff began receiving federal veterans' disability benefits.
12 (Parker Declaration, at ¶ 12.)  Thereafter, a percentage of those benefits were deducted from
13 plaintiff's inmate trust account and applied to his restitution obligation.  (Id. at ¶ 11.)
14    On November 21, 2001, the United States Court of Appeals for the Ninth Circuit
15 held in Nelson v. Heiss, 271 F.3d 891 (9th Cir. 2001) that federal veterans' disability benefits
16 could not be used to satisfy overdrafts on an inmate's trust account.  (Id. at ¶ 13.)  In April 2002,
17 prison officials sent to all prison trust offices instructions for coding federal veterans' disability
18 benefits deposited to inmate trust accounts to such benefits would not be sued for restitution or
19 other liens.  (Id. at ¶ 14.)  On November 14, 2004, the amount of $1,542.42 in improperly
20 deducted federal veterans' benefits was credited back to plaintiff's inmate trust account.  (Id. at ¶
21 16.)
22    Between February 2004 and July 2004, $25.59 of plaintiff's federal veterans'
23 benefits was erroneously collected from plaintiff's trust account to cover charges plaintiff had
24 authorized.  (Id. at ¶ 17.)  The amount was reimbursed on $25.59.  (Id. at ¶ 18.)

---

26    [2] Unless otherwise noted, the following facts are undisputed.

4

## II. Analysis

Defendants seek summary judgment on the grounds that the sole claim remaining in this action, a claim for injunctive relief barring defendants from using plaintiff's federal veterans' disability benefits to pay his restitution fine, is moot.[3]

> "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir.1999) (internal quotation marks omitted). Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Id. "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999).

Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003.)

It is undisputed that defendants have ceased the policy challenged herein, and that they have refunded to plaintiff all federal veterans' disability benefits improperly diverted from his inmate trust account. There is no further relief that can be obtained for the claim raised in this action. Accordingly, the action is moot and should be dismissed.

Plaintiff has filed several motions for injunctive relief alleging that prison officials are retaliating against him for pursuing this action. The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits of claims raised in an action. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that

---

[3] Plaintiff's claims for damages were dismissed by order filed September 30, 2004.

5

the relief awarded is only temporary and there will be a full hearing on the merits of the claims. There are no retaliation claims raised in the complaint on which this action is proceeding, and for the reasons set forth supra, this action is moot as to the sole remaining claim contained therein.[4] For these reasons, plaintiff's motions for injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 10, 2004 request for summary judgment be denied;

2. Plaintiff's September 12, 2005 motions for temporary restraining order and preliminary injunction be denied;

3. Plaintiff's November 7, 2005 motion for preliminary injunction be denied;

4. Defendants' July 5, 2005 motion for summary judgment be granted; and

5. This action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12;dupr1435.msj

---

[4] It appears from the allegations of the motion filed September 12, 2005 that plaitniff has filed a federal civil rights action against prison officials claiming, inter alia, retaliation for participation in activities protected by the First Amendment.  See Plaintiff's Declaration and Request for Temporary Restraining Order, filed September 12, 2005, at 3.